IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| JOEL TODD TUCKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 6:19-cv-08012-LSC |
| | ) | (6:17-cr-00026-LSC-SGC-2) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

**I.    Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Joel Todd Tucker ("Tucker") on March 11, 2019. (Doc. 1.) Pursuant to § 2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings, this Court has conducted a preliminary review of the motion and determines that it is due to be denied and this action dismissed.

**II.    Background**

On May 26, 2017, Tucker pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count

1) and possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4). On November 2, 2017, this Court sentenced Tucker to a term of imprisonment of 150 months as to Count 1 to run consecutive to 60 months as to Count 4 for a total imprisonment term of 210 months, to be followed by a term of supervised release for a term of 120 months as to Count 1 to run concurrent with 60 months as to Count 4. Judgment was entered on November 3, 2017. Tucker did not appeal. Tucker remains in custody.

### III. Discussion

Tucker's sole argument is that his conviction on Count 4 for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) should be vacated due to the United States Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

Tucker's motion to vacate is subject to a one-year statute of limitations, running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

>Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This Court entered Tucker's judgment on November 3, 2017, and Tucker did not appeal. A federal criminal judgment that is not appealed becomes final for the purpose of § 2255 when the time for filing a direct appeal expires. *See, e.g., Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, Tucker's convictions became final on November 17, 2017, fourteen days after this Court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A). Tucker did not file the instant motion until March 11, 2019, which is over one year after his convictions became final, thus violating the one-year limitation period found in § 2255(f)(1).

Tucker presumably relies upon § 2255(f)(3) because he filed the instant motion within one year of *Dimaya* being decided on April 17, 2018. However, *Dimaya* has not been "made retroactively applicable to cases on collateral review," which would allow Tucker to bring this § 2255 motion outside the one-year statute of limitations found in § 2255(f)(3). Thus, *Dimaya* provides no timeliness avenue for Tucker to file his § 2255 motion.

Furthermore, to the extent Tucker challenges his sentence through *Dimaya* based on his being indicted under 18 U.S.C. § 924(c), any such challenge fails. In 2015, the Supreme Court held in *Johnson v. United States* that the "residual clause" of the definition of "crime of violence" found in the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. 135 S. Ct. 2551, 2463 (2015). Last year in *Dimaya*, the Supreme Court addressed whether *Johnson*'s vagueness holding also applies to the definition of a "crime of violence" found in 18 U.S.C. § 16(b), as incorporated and made a basis for deportation in the Immigration and Nationality Act, *see* 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii). 138 S. Ct. at 1216. Presumably Tucker is arguing that his 18 U.S.C. § 924(c) conviction should be vacated because the definition of "crime of violence" in § 924(c)(3) contains similar language to the residual clause located in 18 U.S.C. § 924(e)(2)(B). (*See* Doc. 1 ("I am not a violent offender as per 924(c)(1)(A)(i).")).

However, neither *Johnson* nor *Dimaya*'s holding has any effect on Tucker's convictions because, as clearly stated in his written guilty plea, Presentence Investigation Report, and judgment, his conviction for violating 18 U.S.C. § 924(c)(1)(A)(i) was based on a drug trafficking crime, not on any crime of violence. Neither *Johnson* nor *Dimaya* had any effect on the definition of a drug trafficking

crime in 18 U.S.C. § 924(c)(2). *See Russaw v. United States*, Case No.: 2:16-cv-08146-RDP, 2018 WL 2337301, at *5 (N.D. Ala. May 23, 2018) (finding that *Johnson* and *Dimaya* have no effect on the definition of "drug trafficking crime" found in 18 U.S.C. § 924(c)(2), "which outlines specific offenses subject to classification as drug trafficking crimes and contains no language analogous to the residual clause in § 924(e)(2)(B)[ ]" and denying relief to a movant convicted of possessing a firearm during and in relation to a drug trafficking crime on these bases) (citing 18 U.S.C. § 924(c)(2), which defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46"); *In re Baptiste*, 828 F.3d 1337, 1338, 1341 (11th Cir. 2016) (holding that *Johnson* has no effect on the definition of "drug trafficking crime" in 18 U.S.C. § 924(c)(2)). Specifically, Tucker was convicted of conspiring to distribute and possess with the intent to distribute five grams or more of methamphetamine, and Tucker has never challenged the characterization of that offense as a drug trafficking crime. Accordingly, even if Tucker could rely upon the Supreme Court's holding in *Dimaya* to avoid the consequences of his untimely-filed motion, his sole argument fails on its merits.

**IV. Conclusion**

For the foregoing reasons, Tucker's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Tucker's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON APRIL 3, 2019.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704